**Mechele FRIERSON, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9004–CR–00238.

Court of Appeals of Indiana,
Second District.

June 10, 1991.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Mechele Frierson (Frierson) appeals her convictions of dealing in cocaine, a class A felony; possession of cocaine, a class C felony; and possession of marijuana, a class A misdemeanor.

We affirm in part and reverse in part.

Frierson presents two issues for our review, which we restate as follows:

1. Whether the court erred in denying Frierson's motion to dismiss; and

2. Whether the convictions are supported by sufficient evidence.

■ Frierson argues that the court erred in denying her motion to dismiss the information filed against her. Although her motion alleged several deficiencies in the information, she argues upon appeal only that the facts contained in the probable cause affidavit do not constitute an offense. The State correctly notes that deficiencies regarding probable cause do not warrant a dismissal of the information. *Hicks v. State* (1989) Ind., 544 N.E.2d 500;

*Gilliam v. State* (1978) 270 Ind. 71, 383 N.E.2d 297.

Under Ind.Code 35–34–1–4 (Burns Code Ed.Repl.1985), a court may, upon motion of a defendant, dismiss a defective indictment or information. However, the statute contains no provision regarding defects in the probable cause affidavit. In *State v. King* (1987) 2d Dist. Ind.App., 502 N.E.2d 1366, 1369, we observed:

"The deficiency of a probable cause affidavit is not a ground for dismissal of the information as the probable cause affidavit is not the manner by which a defendant is charged with a crime, but rather serves to justify the pre-trial detention of a defendant based on alleged facts reasonably believed to show the defendant committed the crime."

Moreover, a probable cause determination is not a prerequisite to the filing of an information. Ind.Code 35–34–1–1 (Burns Code Ed.Repl.1985); *Scott v. State* (1980) 3d Dist. Ind.App., 404 N.E.2d 1190, 1193, *citing Gerstein v. Pugh* (1975) 420 U.S. 103, 125 n. 26, 95 S.Ct. 854, 869 n. 26, 43 L.Ed.2d 54. The court therefore did not err in denying Frierson's motion to dismiss the indictment on the basis of any deficiencies in the probable cause affidavit.

■ Frierson also argues that the evidence is insufficient to support her convictions. With regard to her conviction for dealing cocaine, Frierson contends that there is no evidence to prove that she intended to deliver cocaine as required under Ind.Code 35–48–4–1. Frierson acknowledges that intent to deliver may be proved by circumstantial evidence. *Freeman v. State* (1989) Ind., 541 N.E.2d 533, 536.

The evidence and reasonable inferences favorable to the jury's verdict upon the dealing in cocaine count reflect that Frierson was discovered in her boyfriend's apartment shortly after the police had arrested her boyfriend for dealing cocaine. One of the police officers testified that they went to the apartment and knocked on the door. A female came to the door, and they identified themselves as police officers and instructed her to open the door. The officer testified that he heard footsteps

running from the door, and after two or three minutes Frierson returned and opened the door. He testified that she had powder on her face, arms and skirt. The powder was later determined to be cocaine. Another police officer testified that the tank in the bathroom was filling as if it had just been flushed, and a bowl containing cocaine residue was found in the bathroom. The officers also discovered more than eight grams of cocaine powder on the floor of the bedroom, and more than one gram of cocaine powder on the floor of the bathroom and on the toilet seat and cover. Cocaine powder was also found on a scale in the bedroom. One of the officers testified that the scale was a type generally used by cocaine dealers or in laboratories. Frierson's fingerprint was on the scale. This evidence is sufficient to support the conviction for dealing in cocaine.

■■ However, Frierson was also convicted of the separate offense of possession of cocaine. Possession of cocaine is an inherently included lesser offense of dealing in cocaine. *Mason v. State* (1989) Ind., 532 N.E.2d 1169, *cert. denied* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428; *Young v. State* (1991) 2d Dist. Ind.App., 564 N.E.2d 968. In *Mason,* involving dealing and possession of heroin, our Supreme Court stated:

"Where the conviction of a greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one." 532 N.E.2d at 1172, *quoting Boze v. State* (1987) Ind., 514 N.E.2d 275, 277.

In the present case the evidence shows only one possession of cocaine by Frierson. That possession constitutes a material element of the crime of dealing in cocaine and supports that conviction. Therefore, the separate conviction for possession of more than three grams of cocaine cannot stand. *Mason, supra.*

■■ Frierson argues that there is insufficient evidence to support her conviction of possession of marijuana. A conviction for possession of marijuana may rest upon either actual or constructive possession. *Young, supra,* 564 N.E.2d at 973. To prove constructive possession, the State must show that the defendant had the intent and capability to maintain control and dominion over the substance. *Id.; Martin v. State* (1978) 2d Dist., 175 Ind.App. 503, 372 N.E.2d 1194, 1197.

The evidence in this case shows that the police discovered a bag containing 27.15 grams of marijuana on a nightstand in the bedroom of the apartment where Frierson was staying. Frierson contends that she was not in control of the apartment where the marijuana was found and therefore was not in actual or constructive possession of the marijuana.

In *Martin, supra,* we discussed the proof of control necessary to establish constructive possession of an illegal substance, and noted that the inquiry focuses upon a defendant's relation to the place where the substance is found. 372 N.E.2d at 1197. We also observed that a house or apartment used as a residence is controlled by the person who resides there, and that person may be found in control of any illegal drugs found therein, whether the person is the owner, tenant or a guest. *Id.* Evidence that a person has exclusive control of the premises permits an inference that the person has constructive possession of any drugs found on the premises. *Id.* However, where, as here, the control of the premises is non-exclusive, the State must present additional, independent proof from which the trier of fact may infer that the defendant knowingly possessed the drugs. *Id.* at 1198; *see also, Davenport v. State* (1984) Ind., 464 N.E.2d 1302, *cert. denied* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416; *Carnes v. State* (1985) 2d Dist. Ind. App., 480 N.E.2d 581, *trans. denied.*

In the present case, there is sufficient independent evidence from which the trier of fact could have concluded that Frierson possessed marijuana. Frierson was the only person in the apartment at the time the police searched it and found the marijuana. The marijuana was in plain view on a night stand in the bedroom, and was next to the scale which had Frierson's finger-

print on it. One of the police officers testified that they found many items of women's clothing in the bedroom closet. This evidence is sufficient to support Frierson's conviction of possession of marijuana.

The judgment is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to vacate Frierson's conviction under Count IV, possession of cocaine.

BUCHANAN and HOFFMAN, JJ., concur.