599 N.E.2d 208 (1992)
In the matter of J.L., a Child Alleged to Be a Delinquent Child.
J.L., Appellant-Respondent,
v.
STATE OF INDIANA, Appellee-Petitioner.
No. 71A04-9203-JV-92.
Court of Appeals of Indiana, Fourth District.
September 2, 1992.
Transfer Denied December 17, 1992.
*210 Louis L. Hegyi, South Bend, for appellant-respondent.
Linley E. Pearson, Atty. Gen. of Indiana and Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.
CONOVER, Judge.
J.L., age 13, appeals a trial court judgment finding him delinquent because he would have been guilty of possession of cocaine, a class D felony, and dealing in cocaine, a class B felony, if tried as an adult. IND. CODE 35-48-4-6; IC XX-XX-X-X(a); and IC XX-XX-X-X.
We reverse.
J.L. presents two issues for our review:
1. whether the trial court erred in admitting testimony of the informant's statement; and
2. whether the trial court erred in entering an order on both possession of cocaine and dealing in cocaine convictions.
The St. Joseph County Police Department Narcotics Division was involved in an undercover investigation near a South Bend apartment complex. On October 4, 1991, at 1:30 p.m., Officer Gerald Woltman and a confidential informant parked in an unmarked police car on a nearby street. The informant told Officer Woltman he thought he could purchase crack cocaine from the two males seated in the blue car twenty feet in front of them. Officer Robert Hammer and several other officers were conducting surveillance from another car located approximately fifty to seventy-five feet up the street.
Officer Woltman searched the informant to ensure he possessed no weapons or contraband and gave him five twenty dollar bills with recorded serial numbers in order to make the purchase. The confidential informant walked to the driver's side of the blue car, spoke, and returned approximately a minute later with five individual packets of cocaine.
Once the informant was back in Officer Woltman's car, the blue car drove off. Officer Hammer and the other officers in the surveillance car followed it. A mile and a half away from the scene, they stopped the car. After the officers removed the driver and passenger from the car, they found $615 in cash, including the five marked twenty dollar bills, under the driver's seat. Also under the driver's seat, they discovered nineteen individually wrapped packages of cocaine concealed in the false bottom of a Coca Cola can. The officers later identified the driver of the car as Noel Stewart and the passenger as J.L.
Subsequently, the prosecuting attorney filed a delinquency petition with the probate court charging J.L. with possession of cocaine and dealing in cocaine. At a November 12, 1991, hearing, the trial court found the charges true and adjudged J.L. a delinquent. The court ordered J.L., age thirteen, detained at the Parkview Juvenile Center. J.L. appeals.
J.L. contends the trial court committed reversible error by admitting the testimony of Officer Woltman concerning statements by the confidential informant, who was not in court.[1] At trial, Officer Woltman testified *211 the informant said he exchanged the $100 with the driver. Then the passenger, after opening a Coca Cola can with a false bottom located on his side of the car, handed the driver five packets of crack cocaine. J.L. objected to the statements as hearsay. The State offered no grounds to bring the proffered hearsay within an exception to the hearsay rule. J.L. claims he was prejudiced because the hearsay statements of the informant were introduced to prove the matter asserted and without that testimony the State failed to present evidence to establish he handled cocaine or facilitated its sale.
IC 31-6-7-1(a) specifically provides in cases where a child is alleged to be a delinquent child, the procedures governing criminal trials apply if not covered by the juvenile code. The State must prove the commission of a delinquent act beyond a reasonable doubt. IC XX-X-X-XX.
In delinquency proceedings, the child has the right to confront and cross-examine witnesses. IC 31-6-3-1. Hearsay is an out-of-court statement offered to prove the truth of the facts asserted therein and rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. Miller v. State (1991), Ind., 575 N.E.2d 272, 274. Unless proffered hearsay evidence falls within one of the exceptions to the hearsay rule, it is inadmissible as evidence. Wells v. State (1970), 254 Ind. 608, 261 N.E.2d 865, 869. The admission of hearsay which impairs or prejudices the substantial rights of the accused constitutes reversible error. Harvey v. State (1971), 256 Ind. 473, 269 N.E.2d 759, 761.
The State concedes the informant's statements were inadmissible to prove J.L. handled the can and passed it to Stewart. However, it argues it was not reversible error because substantial evidence was presented to prove J.L.'s guilt beyond a reasonable doubt. In the alternative, the State argues the statements were not hearsay because they could have been considered to explain the course of the police officers' investigation. It cites Johnston v. State (1988), Ind., 530 N.E.2d 1179, for the proposition such out-of-court statements are not hearsay.
The State also asserts that generally in a proceeding tried to the bench we presume its decision rests solely on the basis of relevant and probative evidence. Coleman v. State (1990), Ind., 558 N.E.2d 1059, 1062, reh. denied, cert. denied (1991), ___ U.S. ___, 111 S.Ct. 2912, 115 L.Ed.2d 1075. Furthermore, harm from evidentiary error is lessened if not completely annulled when the trial is before the court sitting without a jury. Roop v. State (1991), Ind. App., 571 N.E.2d 568, 570, reh. denied, trans. denied.
After reviewing the record, we find the evidence had no bearing on the officers' course of action. Presuming the trial court did not improperly consider the testimony for the truth of the matter, we turn to the record to determine whether without the informant's statement other evidence established the crimes of possession and dealing cocaine upon which the delinquency judgment rests.
*212 In this review we are not permitted to reweigh the evidence or judge the credibility of the witnesses. We consider only that evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. Humphries v. State (1991), Ind. App., 568 N.E.2d 1033, 1035. Substantive evidence of probative value, such as is necessary to support a conviction, has qualities of directness and freedom from uncertainty. Short v. State (1991), Ind. App., 564 N.E.2d 553, 557. Evidence which only tends to support a conclusion of guilt is insufficient to sustain a conviction, as evidence must support the conclusion of guilt beyond a reasonable doubt. Id.
In the charging information, the State charged J.L. as an accomplice for aiding, inducing or causing an offense pursuant to IC XX-XX-X-X. An accomplice is equally as guilty as the principal. In order to be guilty as an accessory, one must intend by his own actions to cause or facilitate the commission of the crime by the principal offender. Fortson v. State (1979), 270 Ind. 289, 385 N.E.2d 429, 432, reh. denied. However, it is not necessary for a defendant to have committed every element of a crime personally to be convicted as accomplice. Jones v. State (1989), Ind., 536 N.E.2d 267, 270, reh. denied.
Mere presence at the scene of the crime, with nothing more, is insufficient to sustain a conviction for participation in the crime. Other circumstances tending to show participation in the crime besides the accused's presence at the scene are needed to sustain a conviction. Menefee v. State (1987), Ind., 514 N.E.2d 1057, 1059. Such circumstances may include a defendant's failure to oppose the crime, his companionship with others engaged in the crime, and the defendant's course of conduct before, during and after the crime. Greenlee v. State (1985), Ind. App., 477 N.E.2d 917, 920.
The State is required to prove J.L. knowingly or intentionally assisted, aided, or caused the crime of possession of cocaine. IC XX-XX-X-X; IC XX-XX-X-X. A conviction for possession of cocaine may rest upon either actual possession or constructive possession if the defendant does not have physical possession of the cocaine. Frierson v. State (1991), Ind. App., 572 N.E.2d 536, 538, trans. denied. Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control. Corrao v. State (1972), 154 Ind. App. 525, 290 N.E.2d 484, 487.
A defendant's mere presence where drugs are located or his association with persons who possess drugs is not alone sufficient to support a finding of constructive possession. Lewis v. State (1985), Ind. App., 482 N.E.2d 487, 491. To prove constructive possession, the State must show two elements: the defendant had a) the intent and b) the capability to maintain control and dominion over the substance. Corrao, 290 N.E.2d at 487.
In the instant case where the legal authority or practical ability to control the premises was nonexclusive, the accused's capability to exercise control over the substance may be inferred but only if there is some independent evidence from which the trier of fact may infer the defendant's intent to exercise such control. Bergfeld v. State (1988), Ind., 531 N.E.2d 486, 490. This requisite intent may be inferred from evidence which demonstrates the accused's knowledge of the presence of contraband and of its illegal nature. Id.
To establish the second element of constructive possession, the evidence must demonstrate the capability to exercise control over the illegal substance, that is, the ability to reduce the substance to his personal possession or to otherwise direct its disposition or use. Martin v. State (1978), 175 Ind. App. 503, 372 N.E.2d 1194. Control in this sense concerns the accused's power, by way of legal authority or in a practical sense. Lewis, 482 N.E.2d at 490.
*213 The evidence most favorable to State supports a reasonable inference J.L. was aware of the presence of cocaine. The sale took place in early afternoon while J.L. was in the car, and he remained in the car as it drove away. However, the record reveals no additional evidence establishing J.L. had the physical or practical capability to exercise control over the cocaine or that he knowingly or intentionally aided, induced, or caused the driver to possess the cocaine. Officer Woltman testified he saw the informant walk up to the driver's side of the car. The driver took the buy money and handed him the packets of cocaine. Officer Hammer in the surveillance car watched through his rear-view mirror and back window but was unable to see anything change from hand to hand. As they drove away, Officer Hammer followed, keeping them in constant sight. He stopped the car only a mile and half from the place the sale took place. Officer Hammer found both the cocaine and the money under the driver's seat. J.L. did not own the car. Although the officers were close by, neither Officer Woltman nor Officer Hammer saw J.L. handle the cocaine or assist in the sale. Thus, while the evidence establishes presence at the crime, a review of the record reveals no actions or circumstances before, during, or after the cocaine sale which could support an inference J.L. knowingly or intentionally participated in the crime of possessing cocaine.
In its finding of delinquency, the trial court adjudged J.L. guilty of the separate offense of being an accessory to dealing cocaine. Possession of cocaine is an inherently included lesser offense of dealing in cocaine. Frierson, 572 N.E.2d at 538. The possession constitutes a material element of the crime of dealing in cocaine and supports that conviction. Therefore, because we have found the admissible evidence presented does not support a finding J.L. possessed cocaine, the separate conviction for dealing cocaine cannot stand.
Not considering the out-of-court statements of the informant, we find no evidence upon which the trier of fact could reasonably infer J.L. was guilty as an accessory of possession of cocaine or dealing cocaine. Thus, the trial court's finding and judgment of delinquency must be reversed.[2]
Reversed.
STATON, J., concurs.
MILLER, J., concurs in part and dissents in part with separate opinion.
MILLER, Judge, concurring in part and dissenting in part.
I agree with the majority that the trial court erred in the admission of the hearsay testimony. However, I believe this action should be reversed for a new trial since there was sufficient evidence  consisting of the inadmissible hearsay testimony plus the admissible evidence  to sustain the judgment of delinquency. Our supreme court has held that "where the appellate court reverses the conviction for `trial error' and the evidence offered by the State and admitted by the trial court  whether erroneously or not  would have been sufficient to sustain a guilty verdict, no double jeopardy question is presented on retrial." Williams v. State (1989), Ind., 544 N.E.2d 161, 163, citing Lockhart v. Nelson (1988), 488 U.S. 33, 34-35, 109 S.Ct. 285, 287, 102 L.Ed.2d 265. Accordingly, this action should be remanded for a new trial.
NOTES
[1] At trial Officer Woltman testified:

Q. Tell us what happened with regard to this specific defendant ...
A. I have a confidential informant in my vehicle at the time I am parked in the 100 block of South Street, at which time the informant advised me that two subjects that were sitting in a blue Firebird, he would be able  he could purchase crack cocaine from.
MR. HEGYI: Objection, Your Honor, on the basis of hearsay. I move to strike the witness's last statement regarding what he may have learned from the confidential informant.
THE COURT: If we strike that, we just might as well all adjourn and leave because there would be no purpose of this hearing. Objection overruled.
.....
Q. He indicated what, in fact, had happened?
A. He said, he exchanged the $100.00 with the driver of the vehicle for the five packets of the crack cocaine. He also stated that the cocaine was removed from a false bottom of a Coca Cola can, which was retrieved by the passenger of the vehicle on the passenger's side.
Q. Did he indicate to you that the passenger had, in fact, facilitated the purchase?
A. He stated that the passenger of the vehicle removed the Coca Cola can from the passenger's side, removed the top of the can, and handed it to the driver of the vehicle.
(R. 33-34, 37). J.L.'s counsel, Mr. Hegyi, raised a continuing hearsay objection regarding the informant's statements to the officer.
[2] Because we reverse on the first issue, we need not address J.L.'s second issue.