Jonathan D. ECKSTEIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 19S00–8709–CR–876.

Supreme Court of Indiana.

Aug. 2, 1988.

Steven E. Ripstra, Lytton and Ripstra, Jasper, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Public Intoxication, for which he received one (1) year, Receiving Stolen Property and habitual offender, for which he received an enhanced sentence of thirty (30) years, Possession of Marijuana, for which he received a sentence of one (1) year, Burglary and habitual offender, for which he received ten (10) years enhanced by thirty (30) years, by reason of the habitual offender status. The sentences were to run concurrently; therefore, appellant had an executed sentence of forty (40) years.

The facts are: Dennis Mayberry and appellant were fellow workers on a mausoleum construction project. During the course of the construction, appellant had visited in Mayberry's trailer. On the evening of November 1, 1986, appellant was at Mayberry's trailer with several others when Mayberry and the others left to go to a party. Appellant said he was going home to change clothes before going to the party.

When Mayberry returned to his trailer later that evening, he discovered that it had been burglarized. The burglary was reported to the police along with a description of the items taken. At approximately 2:30 the following morning, police officer Tedrow observed appellant straddling his bicycle near a semitrailer tractor. Tedrow stopped his patrol car and spoke with appellant. There was a strong odor of alcohol, and appellant slurred his speech and appeared to be intoxicated. Appellant was placed under arrest for public intoxication.

In searching appellant's person, pursuant to the arrest, the officer found, among other things, a metal cigarette case containing hand-rolled cigarettes later discovered to be marijuana and a change purse containing a gold ring which was taken in the burglary. The officer found a Planters' cashew nut can sitting on the frame of the truck which was also identified as an object taken in the burglary.

As appellant was being taken into custody, the officers impounded his bicycle and conducted an inventory search of a bicycle bag where they found a coffee can full of coins and a large quantity of loose coins. The coffee can was also identified as having been taken in the burglary. After appellant was transported to the jail, a further search of his person disclosed a bag containing a substance later identified by a "field test" as marijuana.

■ Appellant claims the police did not have probable cause to search his bicycle bag. However, in view of the fact the vehicle was being impounded by reason of appellant's arrest for public intoxication, the police not only had the right but had a duty to conduct an inventory search of the vehicle. *Deneal v. State* (1984), Ind., 468 N.E.2d 1029. The trial court did not err in admitting the contents of the bicycle bag into evidence.

■ Appellant contends the trial court erred in allowing police officer Charles Pierce to testify concerning the result of a "field test" on the substance found on appellant's person at the time of his arrest. Officer Pierce testified that he had been on the police force for fourteen (14) years, that he had conducted numerous field tests

on substances suspected of being marijuana, and that he was well acquainted with marijuana due to his police service. The fact that Officer Pierce was unable to testify concerning the chemicals used or the reason for the chemical reaction to demonstrate the presence of marijuana does not render his use of the "field test" inadmissible. *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. There was no error in the introduction of the result of the field test or Pierce's opinion as to the fact that the tested substance was marijuana.

■ Appellant claims it was improper for the State to inquire into specific details of appellant's past criminal record. Appellant testified in his own behalf at his trial, and on cross-examination the State inquired about the nature of a 1982 burglary conviction and about three 1978 burglary convictions. Appellant claims it was improper for the State to explore the details of his prior criminal record, citing *Hansford v. State* (1986), Ind., 490 N.E.2d 1083.

It is true that unless a defendant opens the door as to the details of prior crimes, it is improper for the State to delve into such details beyond the fact of prior conviction. However, in the case at bar, the so-called detail merely went to the name of the person owning the burglarized premises and the location. In view of the overwhelming evidence of appellant's guilt in the case at bar, it cannot be said that the error of the State in delving into any detail of the crime was of such a nature as to require reversal. *Gill v. State* (1984), Ind., 467 N.E.2d 724.

■ Appellant contends the trial court erred in failing to give his Tendered Instructions Nos. 1 and 6. Although appellant's Instruction No. 1 was not given as tendered, it was modified by the court and given as modified. The instruction concerned the proof necessary in an alibi defense. Modified Intruction No. 1 was a correct statement of the law and was given by the trial court. Tendered Instruction No. 6 was refused. However, the tendered instruction also covered the question of an alibi defense and was adequately covered by five of the court's given instructions. Therefore there was no error in refusing to give appellant's Tendered Instruction No. 6. *Robinson v. State* (1985), Ind., 477 N.E.2d 883.

■ Appellant claims the trial court erred in giving its Instruction No. 11, in that it instructed the jury that possession of recently stolen property may be considered by the jury to support the charged crime of burglary. This was a correct statement of the law and was properly given to the jury. *Mims v. State* (1957), 236 Ind. 439, 140 N.E.2d 878. Appellant claims that the court in giving this instruction failed to use the word "unexplained" concerning his possession. We do not consider such an omission to be fatal to the giving of the instruction.

■ Appellant contends it was error for the trial court to sentence him on both burglary and receiving stolen property when it was obvious that the property he possessed at the time of his arrest was taken in the burglary for which he had been convicted, and there was no independent evidence that he had received stolen property from any person. We agree with appellant in his observation that there is no evidence in this record to indicate that he received stolen goods from anyone, and his possession of the stolen property was entirely the result of his burglarizing of the trailer. This cause therefore will be remanded to the trial court to set aside the conviction on receiving stolen property.

Appellant claims his motion for a directed verdict should have been sustained because the admissible evidence was insufficient to sustain a conviction. This argument is based upon the admissibility of the evidence obtained at the time of appellant's arrest. This subject has been dealt with in this opinion. The trial court did not err in refusing to give a directed verdict.

■ Appellant contends the State failed to prove the identity connecting him with the prior felonies used to establish his status as an habitual offender. However, he is in error in this regard. The documents showing three burglary convictions in 1978 in Hartford, Connecticut, were accompanied by a photograph of appellant. It is

clearly demonstrated that he was the same person involved in those convictions. As far as his 1982 conviction in Dubois County, Indiana, a Jasper city policeman testified that he participated in appellant's arrest at that time. We find there is sufficient evidence in this record to support the jury's finding that appellant was an habitual offender.

This cause is remanded to the trial court to set aside the conviction on receiving stolen property. The trial court is in all other things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.