**Rafael VALLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 27S00–8808–CR–710.

Supreme Court of Indiana.

Feb. 22, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Dealing in Cocaine, a Class A felony, for which he received a sentence of thirty (30) years, enhanced by twenty (20) years for aggravating circumstances.

The facts are: In May of 1987, appellant told Imy Jean Shepherd of his plans to make a fast trip to Florida to obtain cocaine. He had done this on previous occasions to obtain cocaine for his customers. Appellant was dealing in cocaine from his apartment in Marion, Indiana.

When he left for Florida in late May of 1987, he took $4,000 with him to purchase cocaine. Imy Jean's brother Danny went with him. Imy Jean had informed the police department of appellant's plans. Detective Kay checked out and confirmed her information. Imy Jean then informed Detective Kay when appellant and Danny left for Florida, and the police began to watch for their return.

When appellant drove back into Marion, he was stopped and arrested. A protective inventory of appellant's vehicle was performed; then the car was towed to a se-

cured garage. The police obtained a search warrant and made a full search of appellant's vehicle. Upon removing the back seat, the police discovered a package wrapped in tape similar to tape found in the glove compartment of the car. The package's contents tested as exceptionally pure cocaine which weighed 112.3 grams.

Following appellant's arrest, but before trial, appellant inquired of Danny if he would testify against him. To save trouble, Danny said he would not. Appellant then asked Imy Jean on two occasions if she thought Danny would testify against him. On January 8, 1988 following these inquiries, appellant entered the Shepherds' garage while Danny and his sister were working on an automobile. He called their names then shot and killed Danny and shot Imy Jean, wounding her several times.

Appellant claims the trial court erred in failing to provide him with simultaneous translation of the testimony presented during trial. Appellant is a Cuban national possessing a very limited ability to speak and understand the English language. The trial court furnished appellant with a translator during the preliminary hearings in his case.

At the onset of the trial, the trial judge stated that he was prepared to permit a simultaneous translation of the evidence. When the trial court made inquiry, appellant's counsel asked for a few moments during which he consulted with appellant. Following the consultation, he stated that summaries of the evidence by the interpreter would be sufficient.

■ This Court has held that it is necessary to furnish simultaneous translation of evidence to a non-English-speaking defendant, *Martinez–Chavez v. State* (1989), Ind., 534 N.E.2d 731. However, when a court stands ready to furnish such simultaneous translation, but appellant through consultation with his attorney states to the court that such will not be necessary because a translated summary of the evidence would be sufficient, we cannot say that the trial court erred in failing to provide the simultaneous translation.

We further would point out that there is no allegation on the part of appellant that anything occurred at the trial which was not made known to him or which caused his attorney's performance to be defective. Thus, there is nothing to show a denial of a fair trial due to the manner in which the translation was performed. *See Id.* We see no deprivation of rights in the manner in which the language barrier was handled by the trial court.

■ Appellant contends the evidence is insufficient to support his conviction for possession of cocaine with intent to deal. First, he argues that the location of the cocaine in his automobile was such that it could not reasonably be presumed that he knew of its existence. However, as pointed out by the State, the package of cocaine was located in such a manner that the back seat had to be removed to gain access to it, and the package was wrapped in tape which was similar to tape found in the glove compartment of the car.

With these facts presented to the jury, they were entitled to believe that the package was located so that a casual entrance of appellant's car by a stranger would not have afforded them the hiding place, and the type of tape on the package was a circumstance from which the jury could deduce that appellant himself had actually taped the package. We have held that the conviction for possession with intent to deliver may be sustained upon circumstantial evidence. *Mason v. State* (1989), Ind., 532 N.E.2d 1169, *cert. denied*, —— U.S. ——, 109 S.Ct. 1960, 104 L.Ed.2d 428. *See also Montego v. State* (1987), Ind., 517 N.E.2d 74.

Although appellant did not have actual possession of the cocaine at the time of his arrest, the jury was entitled to base their decision upon his constructive possession. *Bergfeld v. State* (1988), Ind., 531 N.E.2d 486. We feel there is substantial evidence in this case to support the jury's verdict. *See Enamorado v. State* (1989), Ind., 534 N.E.2d 740.

■ Appellant also claims there is insufficient evidence to demonstrate that he intended to deal in cocaine. The evidence in

this case was that the amount of pure cocaine was more than is usually confiscated in drug cases. It also was demonstrated that the cocaine involved was of exceptional purity, thus indicating that the possessor intended to dilute the cocaine prior to delivery. Possession of a large amount of an illegal drug is circumstantial evidence of intent to deliver. *Adamov v. State* (1989), Ind., 536 N.E.2d 281; *Enamorado, supra.*

In addition to the quantity and quality of the cocaine, the jury heard the direct testimony of Imy Jean Shepherd that appellant made the trip to Florida with the express purpose of obtaining cocaine to supply to his customers and that he took $4,000 with him to make such a purchase.

There is ample evidence in this record to sustain the verdict of the jury as to both possession and intent to deal.

▮ Appellant contends he was unduly prejudiced when the court admitted evidence of the shootings of two of the State's witnesses. Appellant claims that there is no evidence to show that the shootings were other than a personal quarrel and that there is no evidence to show any connection with the pending criminal charge.

However, as stated above, appellant had made inquiry of both Danny Shepherd and Imy Jean Shepherd as to whether Danny would testify against him. Appellant contends that such casual inquiry cannot be considered as a threat. Likewise, when he entered the garage, he merely called out the names of Imy Jean and Danny Shepherd, and he made no threats before the shooting.

However, given the facts presented to the jury that Imy Jean knew of appellant's narcotics dealings and that Danny accompanied appellant on his trip to Florida to obtain the cocaine, followed by appellant's repeated inquiry as to whether Danny was going to testify against him, we find there is ample evidence from which the jury logically could deduce that the killing of Danny and the wounding of Imy Jean were motivated by appellant's fear of their testifying against him. We have held previously that any testimony offered to show an attempt to conceal or suppress implicating evidence is relevant as revealing consciousness of guilt. *Washington v. State* (1980), 273 Ind. 156, 402 N.E.2d 1244. Threats against witnesses are considered as attempts to conceal or suppress implicating evidence and are relevant to demonstrate an accused's guilty knowledge. *See Johnson v. State* (1985), Ind., 472 N.E.2d 892.

Even though appellant made no direct threats to kill in this case, certainly his motive for actually killing one witness and wounding the other can be placed on a par with an implied threat, which, we have held, suffices to show appellant's attempt to conceal inculpatory evidence. *See Gambill v. State* (1985), Ind., 479 N.E.2d 523.

Further, in addition to the fact that Danny had accompanied appellant on his trip to Florida, the State had listed Danny as a prosecuting witness and Danny had given a statement to the police. The jury was entitled to presume that this fact was well known to appellant at the time of the shooting. We see no reversible error in the admission of the evidence of the shooting.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.