Donald Ray ISOM, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9108–CR–365.

Court of Appeals of Indiana,
Second District.

March 3, 1992.

Transfer Denied April 16, 1992.

Kelly N. Bryan, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., and Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Donald Ray Isom appeals his conviction for dealing in cocaine, a class B felony.[1]

We reverse.

## ISSUES

1. Whether the trial court erred in denying Isom's motion to suppress the evidence the police confiscated during their warrantless search of the vehicle.

---

1. *See* IC 35–48–4–1(a)(2)(C) (1991 Supp.).

2. Whether the evidence is sufficient to sustain Isom's conviction for dealing in cocaine.[2]

## FACTS

On the afternoon of October 28, 1990, Jeff Watson and Jim Branson, officers with the Muncie Police Department, were on routine patrol when they observed a vehicle drive around railroad crossing gates. The officers stopped the vehicle and asked Isom, the driver, for his license and some identification. Isom informed the officers that he did not have a driver's license, and he identified himself as "Don Johnson." Officer Watson's check on the vehicle's license plate revealed the plate was registered to another vehicle. A passer-by then identified Isom, and Watson determined by police radio that there were outstanding warrants for his arrest. Watson and Branson arrested Isom, impounded the vehicle, and conducted an inventory search of the vehicle. Under the driver's seat of the vehicle, the police found a .38 caliber automatic handgun, a glass pipe used to smoke cocaine, and ten plastic baggies containing a white substance which was later identified as cocaine. Isom was arrested for possession of cocaine but subsequently charged and convicted of dealing in cocaine.[3]

## DISCUSSION

### I.

■ Isom contends the trial court erred in denying his motion to suppress the evidence the police confiscated during their warrantless search of the vehicle. The State bears the burden of proving that a warrantless search is within one of the exceptions to the warrant requirement. *Rabadi v. State* (1989), Ind., 541 N.E.2d 271, 274. As both parties note, an inventory search of an impounded vehicle conducted pursuant to routine police procedures is an exception to the warrant requirement. *Id.* To make its required showing that its actions come within the inventory exception, the State must do more than offer the mere statement of a police officer that the search was conducted as a routine inventory. *Id.* at 275. The circumstances surrounding the intrusion must also indicate that the search was part of established and routine department procedures consistent with the public policies/interests of protecting police from potential danger and false claims of lost or stolen property and protecting the property of those arrested. *Id.*

■ Based on probable cause, Officers Watson and Branson arrested Isom, impounded his vehicle, and, in accordance with departmental policy, conducted an inventory search of the vehicle. Under these circumstances, the police had a duty to conduct an inventory search of the vehicle based on the fact they had impounded the vehicle due to Isom's arrest. *See Eckstein v. State* (1988), Ind., 526 N.E.2d 693, 694 ("In view of the fact the vehicle was being impounded by reason of appellant's arrest ... the police not only had the right but had a duty to conduct an inventory search of the vehicle.").

The trial court did not err in denying Isom's motion to suppress.

### II.

■ Isom argues the evidence is insufficient to sustain his conviction for dealing in cocaine, a class B felony. When reviewing a claim of insufficient evidence, this court neither reweighs the evidence nor rejudges the credibility of witnesses. Rather, it looks only to the evidence favorable to the judgment and any reasonable inferences therefrom. If there is sufficient evidence of probative value to support a finding of guilt beyond a reasonable doubt, this court

2. Isom also claims the trial court erred in admitting evidence of his prior arrest for possession of cocaine in this prosecution and for possession of cocaine with intent to deliver. We do not address this issue inasmuch as we determine the evidence is insufficient to sustain the delivery conviction.

3. In relevant part the information alleges Isom did "unlawfully knowingly possess cocaine with intent to deliver." Record at 9.

will affirm the conviction. *Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 963.

According to IC 35–48–4–1(a)(2)(C) (1991 Supp.), a person who possesses cocaine with intent to deliver commits dealing in cocaine, a class B felony. Specifically, Isom argues the State failed to prove his intent to deliver.[4]

■ Intent is a mental function; therefore absent an admission, the trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences thereof, a showing or inference of intent to commit that conduct exists. *Mason v. State* (1989), Ind., 532 N.E.2d 1169, 1171. Possession of a large amount of a controlled substance is circumstantial evidence of intent to deliver, and the greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption. *Id.* Nevertheless, Isom argues the quantity of the cocaine here was too small for the jury to infer intent to deliver.

The amount of a controlled substance which has been held sufficient to support the reasonable inference of intent to deliver is varied. In *Valle v. State* (1990), Ind., 550 N.E.2d 746, the court inferred intent from an amount equaling 112.3 grams of exceptionally pure cocaine as well as evidence of the defendant's expressed purpose in traveling to Florida to obtain cocaine for his customers. In *Enamorado v. State* (1989), Ind., 534 N.E.2d 740, the amount was 272 grams of 92.9% pure cocaine. In *Montego v. State* (1987), Ind., 517 N.E.2d 74, 83 grams of cocaine were found along with lactose, a substance commonly used to dilute cocaine, a triple beam gram scale containing cocaine residue, and numerous plastic bags with trimmed corners. *Knowles v. State* (1991), Ind.App., 571 N.E.2d 1308, involved 140 grams of 98% pure cocaine.

*Frierson v. State* (1991), Ind.App., 572 N.E.2d 536, involved only about nine (9) grams of cocaine. However, other incriminating evidence substantiated a finding of guilt for dealing in cocaine. The evidence and reasonable inferences favorable to the jury's verdict reflect that Frierson was discovered in her boyfriend's apartment shortly after the police had arrested her boyfriend for dealing cocaine. One of the police officers testified that they went to the apartment and knocked on the door. When a female came to the door, they identified themselves as police officers and instructed her to open the door. The officer testified that he heard footsteps running from the door, and after two or three minutes, Frierson returned and opened the door. He testified that she had powder on her face, arms and skirt. The powder was later determined to be cocaine. Another police officer testified that the tank in the bathroom was filling as if it had just been flushed, and a bowl containing cocaine residue was found in the bathroom. The officers also discovered more than eight grams of cocaine powder on the floor of the bedroom and more than one gram of cocaine powder on the floor of the bathroom and on the toilet seat and cover. Cocaine powder was also found on a scale in the bedroom. One of the officers testified that the scale was a type generally used by cocaine dealers or in laboratories. Frierson's finger print was on the scale. *Id.* at 537–38.

■ In contrast with the amount of cocaine involved in these cases, the search of Isom's vehicle revealed .88 grams. The cocaine was found in ten plastic baggies, the type of container in which cocaine is commonly packaged for sale and, conversely, the type of containers in which cocaine is commonly purchased.[5] The search also

---

4. Isom also claims the evidence is insufficient because the State's chemist tested the contents of only two of the ten baggies for cocaine and failed to test for purity. We note that our supreme court has determined that it is the total weight of the delivered substance and not its pure component that is to be considered. *Clark v. State* (1989), Ind., 539 N.E.2d 9, 12. Further, the dealing statute expressly states: "[C]ocaine or a narcotic drug, pure or adulterated." IC 35–48–4–1 (1991 Supp.).

5. Officer Eiler of the Muncie Police Department testified that while two to three rocks of cocaine is an addict's normal daily usage, the usage

revealed a glass pipe used to smoke cocaine, described as looking "like it's been used a lot." Record at 292. This evidence, considered together, as a matter of law is insufficient to reasonably support the inference that Isom possessed the .88 grams of cocaine with the intent to deliver rather than for his personal use. Therefore, the evidence is insufficient to support Isom's conviction of dealing in cocaine. However, the evidentiary deficiency is only as to Isom's intent to deliver; the evidence is sufficient to support the jury's necessary determination that Isom possessed the cocaine beyond a reasonable doubt.

Judgment reversed and cause remanded with instructions to enter a judgment of conviction of possession of cocaine in an amount less than three (3) grams and to sentence Isom accordingly.

STATON, J., concurs.

HOFFMAN, J., concurs in part, dissents in part, with separate opinion.

HOFFMAN, Judge, concurring and dissenting.

I concur with the majority's decision to affirm the trial court's denial of Isom's motion to strike, but I respectfully dissent from the majority's decision to reverse on the issue of sufficiency of the evidence.

The evidence shows that Isom possessed .88 grams of cocaine in 10 plastic baggies. Although the majority finds this amount too small for the jury to infer intent to deliver, Officer David Eiler of the Muncie Police Department testified at trial that, based on his 22 years experience with the drug task force, .88 grams is a large amount of cocaine in that it is more than a typical addict would use in one day. Moreover, as the majority notes, the fact that the cocaine was packaged in 10 plastic baggies is further evidence supporting the inference that Isom possessed the cocaine with intent to deliver and not for personal consumption. *See Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 963 (ample evidence supported inference that defendant possessed Dilaudid tablets with intent to

deliver where defendant possessed more tablets than a typical user would possess in one day and the police recovered many small plastic bags and twist ties). The majority is clearly invading the province of the jury by reweighing the evidence and rejudging the credibility of witnesses. I would affirm the judgment of the trial court.

could increase depending upon the purity of the    rock cocaine.