John D. CLINE, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A01–0603–CR–104.

Court of Appeals of Indiana.

Jan. 25, 2007.

---

Andrew B. Arnett, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

John Cline, Jr. ("Cline") was convicted in Shelby Circuit Court of Class C felony dealing in marijuana, Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and Class D felony maintaining a common nuisance. Cline appeals his Class C felony dealing in marijuana conviction and argues that the State failed to present sufficient evidence of his intent to deliver. Concluding that the evidence establishes Cline delivered the marijuana at issue to another person, we affirm.

## Facts and Procedural History

On May 24, 2003, Officer David Hoff of the Shelbyville Police Department ("Officer Hoff") observed a green Chevrolet Camaro traveling east on State Road 44 at a high rate of speed. Officer Hoff initiated a traffic stop of the vehicle, which was driven by Cline. During the traffic stop, Officer Hoff observed that Cline had a pipe and rolling papers in his possession. Cline gave those items to the officer at his request. Officer Hoff then asked Cline if he could search the vehicle, and Cline consented to the search. Cline and his passenger Troy Buchanan ("Buchanan") were removed from the vehicle while the search was performed.

Officer Daniel McCarty ("Officer McCarty") assisted with the search and discovered a bag containing marijuana under the passenger side floor mat. Cline told Officer Hoff that the marijuana belonged to him and Buchanan knew nothing about it. The weight of the marijuana was later determined to be 24.98 grams. During the search of Buchanan's person, police officers found two bindles of methamphetamine.

On May 27, 2003, Cline was charged with Class A felony possession of methamphetamine, Class A felony attempted dealing in methamphetamine, Class C felony dealing in marijuana,[1] Class A misdemeanor possession of marijuana, Class A misdemeanor possession of paraphernalia, and Class D felony maintaining a common nuisance. A jury trial commenced on August

---

1. The traffic stop occurred within 1000 feet of a youth program center, thus elevating the offense to a Class C felony.

12, 2003. Cline was found not guilty of the methamphetamine charges, but guilty of the remaining counts.

The trial court merged the possession of marijuana and dealing in marijuana convictions and ordered Cline to serve eight years for the Class C felony dealing in marijuana conviction. The trial court ordered the sentences on the remaining convictions to be served concurrent to that eight-year sentence. Cline now appeals.[2] Additional facts will be provided as necessary.

### Standard of Review

■■■ Our standard of review for claims challenging the sufficiency of the evidence is well settled. We will not reweigh the evidence or judge the credibility of the witnesses, and we will respect the jury's exclusive province to weigh conflicting evidence. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). Considering only the evidence and the reasonable inferences supporting the verdict, our task is to decide whether there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id.*

### Discussion and Decision

To convict Cline of dealing in marijuana, the State was required to prove that Cline knowingly or intentionally delivered marijuana to another person or possessed marijuana with the intent to deliver it to another person. *See* Ind.Code § 35–48–4–10 (2004). Cline concedes that the evidence establishes that he possessed marijuana, but argues that the State failed to present sufficient evidence of his intent to deliver. The State argues both that the evidence was sufficient to prove Cline's intentional

or knowing delivery of the marijuana to Buchanan and Cline's intent to deliver.

Cline was charged as follows: "on or about May 24, 2003, John D. Cline Jr. *did knowingly or intentionally deliver marijuana* to another person, and/or *did possess marijuana with intent to deliver it* to another person, within 1,000 feet of school property, a public park, or a youth program center[.]" Appellant's App. p. 258 (emphasis added). For the purposes of criminal charging and crimes, the term "delivery" is defined in Indiana Code section 35–48–1–11. That definition provides in pertinent part: "Delivery means: (1) an actual or constructive transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship[.]"

At trial, Buchanan testified that before Officer Hoff approached the vehicle during the traffic stop, Cline handed him the bag of marijuana and told Buchanan to hide it. Tr. pp. 312–13. Buchanan then placed the marijuana underneath the passenger side floor mat, where it was later discovered by Officer McCarty. During closing argument, the State noted Buchanan's testimony and argued,

> He, John Cline, delivered to Troy Buchanan marijuana. He delivered it. That's all that's required.... It passes from one person's hands to another.

> And if you remember, we talked about this in Voir Dire. Dealing doesn't requiring [sic] sale. You know, it doesn't require the exchange of money. It simply requires the delivery, the transfer of the item from one person to another. And ladies and gentlemen, the evidence is this pot transferred from John Cline, who handed it to Troy Buchanan, who

---

**2.** Cline's trial counsel failed to discuss the possibility of an appeal with Cline and a Notice of Appeal was not timely filed. On De-

cember 19, 2005, Cline moved for permission to file a belated appeal, and the trial court granted his motion.

shoved it underneath the mat. He delivered this marijuana.

Tr. pp. 450–51.

The statutory definition of "delivery" in section 35–48–1–11 does not require intent to relinquish control or possession of the controlled substance to another individual. It merely requires the actual or constructive transfer of the controlled substance. This definition is consistent with the common usage of the term. *See* Merriam-Webster Online Dictionary, *available at* http://www.m-w.com (defining "delivery" as "a: to take and hand over to or leave for another: convey b: hand over, surrender"); The Oxford English Dictionary (2nd ed.1989), *available at* http://www.oed.com (defining "delivery" as The action of handing over, or conveying into the hands of another).[3]

■ In this case, the evidence establishes that Cline handed the marijuana over to Buchanan, and therefore, Cline "delivered" the marijuana. Although there is no evidence to suggest that Cline intended to relinquish permanent possession or control of the marijuana to Buchanan, this is not what Indiana Code section 35–48–1–11 requires. Moreover, Buchanan had the capability to maintain control over the marijuana after Cline handed it to him. Accordingly, we conclude that the evidence was sufficient to establish that Cline knowingly or intentionally delivered marijuana to Buchanan.

We acknowledge the merit of Cline's argument that the evidence was insufficient to establish that he possessed the marijuana with intent to deliver. Officer Robert Brinkman testified that the 24.98 grams of marijuana in Cline's possession was likely for personal use because the marijuana was packaged in one bag.[4] Tr. pp. 271, 275. During the traffic stop, Officer Hoff discovered paraphernalia in Cline's possession which is typically used for smoking marijuana. Our court has previously concluded that possession of paraphernalia used to ingest the controlled substance at issue is more likely indicative of personal use than intent to deliver. *See Love v. State,* 741 N.E.2d 789, 792 (Ind.Ct. App.2001) ("The jury could have reasonably inferred Love's intent to deal crack cocaine from his possession of several hundred dollars and 11.3 grams of the drug *with no means to ingest it.*") (emphasis added); *Isom v. State,* 589 N.E.2d 245, 247–48 (Ind.Ct.App.1992) (Evidence that the defendant possessed .88 grams of cocaine packaged in ten plastic baggies and a glass pipe used to smoke cocaine did not "reasonably support the inference that Isom possessed the .88 grams of cocaine with intent to deliver rather than for his personal use.").

■ We note the general premise that possession of a large amount of a narcotic substance is circumstantial evidence of intent to deliver. *See Davis v. State,* 791 N.E.2d 266, 270 (Ind.Ct.App.2003), *trans. denied* ("The more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally."); see also *Hazzard v. State,* 642 N.E.2d 1368, 1369–70 (Ind.1994). However, Cline possessed an amount of marijuana that was not inconsistent with personal use. Moreover, it was packaged in a single bag and Cline had paraphernalia in his possession used to smoke marijuana. This evidence does not reasonably support an inference that Cline possessed

---

3. However, the Oxford English Dictionary also defines delivery as "the act of giving up possession of; surrender."

4. However, the officer also stated that the bag of marijuana could be one packaged for resale. Tr. p. 276.

the marijuana with intent to deliver to another in a sale, barter or gift transaction. Nevertheless, the evidence establishes that Cline knowingly or intentionally "delivered" the marijuana to Buchanan within the statutory definition contained in Indiana Code section 35–48–1–11. We therefore affirm his dealing in marijuana conviction.

Affirmed.

KIRSCH, C. J., and SHARPNACK, J., concur.