**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 20 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM SINGLETON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A05-1106-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Lizbeth W. Pease, Special Judge
Cause No. 75C01-0301-FA-001[1]

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

---

[1] Some documents list the trial court cause number as 75C01-0301-FA-001; others use 75C01-0304-FA-001.

**Case Summary**

Pursuant to Indiana Post-Conviction Rule 2, William Singleton ("Singleton") belatedly appeals his convictions for Attempted Voluntary Manslaughter, a Class A felony,[2] and Aggravated Battery, a Class B felony.[3]  We affirm the Attempted Voluntary Manslaughter conviction and remand with instructions to vacate the Aggravated Battery conviction and sentence.

**Issues**

Singleton presents three issues for review:

I.     Whether there is sufficient evidence to support his conviction for Attempted Voluntary Manslaughter;
II.    Whether his multiple convictions violate double jeopardy principles; and
III.   Whether the trial court committed fundamental error by failing to properly instruct the jury on Attempted Voluntary Manslaughter.

**Facts and Procedural History**

During the evening of January 8, 2003, Michael Berg ("Berg") was home watching television, when he saw headlights from a vehicle pulling into the driveway.  Berg went to investigate and saw someone puncture the tires of his vehicle and smash the windshield. Berg yelled at the person, who then ran back to a waiting van.  When the dome-light of the van illuminated, Berg recognized the man as Singleton, the brother-in-law of Berg's deceased wife.

Singleton started running toward Berg, who expected to be tackled and assumed a

---

[2] Ind. Code §§ 35-41-5-1, 35-42-1-3.
[3] Ind. Code § 35-42-2-1.5.

fighting stance. Singleton exclaimed, "I'm going to fuckin kill you," and Berg felt a sharp pain in his chest. (Tr. 31.) Berg began to run. Singleton called after him "I'm going to fuckin kill your mom too" and pursued Berg as Berg ran around his mother's trailer home. (Tr. 31.) Berg, who was applying pressure to a wound, could feel blood running through his fingers. He ran until he tumbled over a fence into a neighbor's yard. Singleton gave up the pursuit.

Berg's neighbor called 9-1-1; emergency responders found Berg in a pool of blood. He was airlifted to a hospital in Fort Wayne, where he was treated for a "potentially lethal-type wound." (Tr. 287.) An instrument, likely a knife, had entered Berg's chest cavity, piercing his lung, partially slicing a rib, and passing within a few millimeters of his heart.

Singleton was arrested and charged with Attempted Voluntary Manslaughter and Aggravated Battery. On April 7, 2005, a jury convicted him as charged; the trial court entered judgments of conviction upon both counts. Singleton received concurrent sentences of thirty and ten years, respectively. On June 1, 2011, Singleton filed a belated notice of appeal.

**Discussion and Decision**

I. Sufficiency of the Evidence

Pursuant to Indiana Code section 35-41-5-1(a), a person attempts to commit a crime when, acting with the culpability required for commission of that crime, he engages in conduct that constitutes a substantial step toward commission of the crime. A person commits voluntary manslaughter when he knowingly or intentionally kills another human

3

being while acting under sudden heat. Ind. Code § 35-42-1-3(a). The offense is elevated from a Class B felony to a Class A felony if it is committed by means of a deadly weapon. Ind. Code § 35-42-1-3.

Accordingly, to support a conviction for attempted voluntary manslaughter, the evidence must establish, beyond a reasonable doubt, that Singleton intentionally or knowingly attempted to kill Berg, while acting in sudden heat. Singleton claims that the evidence fails to establish that he intended to kill Berg.

Intent is a mental function and therefore, absent an admission, the fact-finder must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences thereof, a showing or inference of intent to commit that conduct exists. Isom v. State, 589 N.E.2d 245, 247 (Ind. Ct. App. 1992), trans. denied. Intent to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008).

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and the reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). In so doing, we do not assess witness credibility or reweigh the evidence. Id. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

Here, the evidence in favor of the judgment indicates that Singleton shouted to Berg,

4

"I'm going to fuckin kill you," ran toward Berg, and stabbed him in the chest. (Tr. 214.) As Berg fled, Singleton continued to chase him, threatening to kill Berg's mother as well. Berg sustained a two-centimeter wide wound, just millimeters from his heart.

The testimony regarding Singleton's words and actions is sufficient to permit the jury to infer that Singleton intended to kill Berg. Berg's insistence that the evidence is insufficient because a knife was never located is merely an invitation to reweigh the evidence. There is sufficient evidence to sustain Singleton's conviction for Attempted Voluntary Manslaughter.

## II. Double Jeopardy

The double jeopardy clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our Indiana Supreme Court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

Aside from the constitutional actual evidence test, our Indiana Supreme Court has identified five common law or statutory double jeopardy categories: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished, (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted

and punished, (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished, (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished, and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002).

The second category is implicated here. The State alleged in Count I that Singleton committed Attempted Voluntary Manslaughter by stabbing Berg in the chest with a sharp object. Count II alleged that Singleton committed Aggravated Battery by stabbing Berg in the chest with a sharp object. As the State concedes, a single act having been alleged and proven, the multiple convictions cannot stand. We therefore vacate the Aggravated Battery conviction.

### III. Jury Instruction

Finally, Singleton contends that the trial court committed fundamental error by giving a jury instruction that added "sudden heat" as an element of the crime of Attempted Voluntary Manslaughter to be proven by the State.

At the time of Singleton's offense, Indiana's voluntary manslaughter statute provided:

A person who knowingly or intentionally kills another human being while acting under sudden heat commits Voluntary Manslaughter, a Class B felony. The offense is a Class A felony if it is committed by means of a deadly weapon.

6

Ind. Code § 35-42-1-3. "Sudden heat" is characterized as "anger, rage, resentment, or terror sufficient to obscure the reason of an ordinary person, preventing deliberation and premeditation, excluding malice, and rendering a person incapable of cool reflection." Dearman v. State, 743 N.E.2d 757, 760 (Ind. 2001). It is not an element of Voluntary Manslaughter. Boesch v. State, 778 N.E.2d 1276, 1279 (Ind. 2002). Rather, it is that which distinguishes Voluntary Manslaughter from Murder. Id.

Here, the jury was instructed:

The crime of voluntary manslaughter is defined by statute as follows:
A person who knowingly or intentionally kills another human being while acting under sudden heat and with the use of a deadly weapon commits voluntary manslaughter. A person attempts to commit voluntary manslaughter when, acting with the culpability required for commission of voluntary manslaughter, he engages in conduct that constitutes a substantial step toward commission of voluntary manslaughter. To convict the defendant of attempted voluntary manslaughter, the State must have proved each of the following beyond a reasonable doubt:
1.     The Defendant
2.     knowingly or intentionally
3.     with intent to kill
4.     did stab Michael Berg in the chest
5.     with a deadly weapon
6.     under sudden heat
7.     which was conduct constituting a substantial step toward the commission of the crime of voluntary manslaughter.
If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty under Count I.
If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of attempted voluntary manslaughter under Count I.

(App. 61.) As such, the instruction did not properly state that "sudden heat" is a mitigating factor, reducing what would otherwise be murder to voluntary manslaughter. However, the

fundamental error exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. Delarosa v. State, 938 N.E.2d 690, 694 (Ind. 2010). This exception is available only in egregious circumstances. Id.

Here, the State did not charge Singleton with Attempted Murder. The jury was not asked to determine whether Attempted Murder should be reduced to Attempted Voluntary Manslaughter due to the existence of the mitigating factor of "sudden heat." Rather, the State had conceded mitigation. In these circumstances, we fail to see how Singleton was prejudiced by the inclusion of "sudden heat" as if it were an element of the charged crime.

**Conclusion**

There is sufficient evidence to support Singleton's conviction for Attempted Voluntary Manslaughter. His conviction for Aggravated Battery, arising from the same act, is vacated. He has demonstrated no fundamental error in the instruction of the jury.

Affirmed in part; reversed in part; remanded with instructions.

BAKER, J., and DARDEN, J., concur.