**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 09 2013, 9:16 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RYAN D. BOWER**
Allen, Allen & Brown
Salem, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN T. HAUB, JR., ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  88A01-1206-CR-297 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Jr., Judge
Cause No. 88D01-0812-FC-540

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

John T. Haub, Jr. ("Haub") was convicted of two counts of Burglary,[1] three counts of Auto Theft,[2] and one count of Receiving Stolen Auto Parts,[3] all as Class C felonies, Theft, as a Class D felony,[4] and Driving While Suspended, a Class A misdemeanor.[5] He was also adjudicated to be a habitual offender.[6] He now challenges his convictions of Burglary and Receiving Stolen Auto Parts, and his aggregate sentence. We affirm in part, reverse in part, and remand with instructions.

**Issues**

Haub presents three issues for review:

I.  Whether he was entitled to a continuance when the State was permitted to amend the Receiving Stolen Auto Parts count on the day of trial;

II.  Whether there is sufficient evidence to support his conviction of Burglary; and

III.  Whether he was properly sentenced.

**Facts and Procedural History**

Around 1:00 a.m. on December 26, 2008, Salem, Indiana resident Hope Weddell ("Weddell") heard two men talking outside her house. She watched as a third man arrived to

---

[1] Ind. Code § 35-43-2-1.

[2] I.C. § 35-43-4-2.5.

[3] I.C. § 35-43-4-2(b).

[4] I.C. § 35-43-4-2.

[5] I.C. § 9-24-19-2.

[6] I.C. § 35-50-2-8.

2

pick up the first two, leaving behind a vehicle. Aware that the only other house on the lane was abandoned, Weddell was suspicious of the early-morning activity and called Sheriff Sergeant Larry W. Blevins, Jr. ("Sergeant Blevins").

When Sergeant Blevins responded to Weddell's call, he found an unoccupied and unlocked Subaru with the keys still in it. The Subaru had no license plate in the frame that bore the name of Mark Lee Subaru. Sergeant Blevins then called Mark Lee ("Lee"), the owner of Mark Lee Subaru. Lee identified the Subaru as a vehicle stolen from his car lot.

Sergeant Blevins and Lee proceeded to the Mark Lee Subaru lot, where they discovered that the east garage door was ajar and the west window had been recently opened, leaving fresh marks in the dust. Inside the dealership, key lockboxes had been pried open; keys and several temporary license plates had been taken. A purse that had belonged to Lee's deceased mother had been pillaged and the cash was missing. Also missing were a cigar box and snacks that were part of a not-for-profit fundraiser. Lee found that one of his vehicles had been moved. Beside it sat two gas cans smelling of gasoline fumes. Ultimately, it was determined that there were four vehicles missing from the lot.

Salem Police Department Officer Chad Webb ("Officer Webb") knew that Cowboy's was the only gas station in the area open during the early morning hours and decided to stake it out. As Officer Webb watched, Haub drove a white Subaru Legacy to the Cowboy's gas pump. Haub's brother drove a silver Subaru WRX Turbo. Officer Webb asked Haub for his driver's license and Haub responded that his license was suspended. When asked for the vehicle registration, Haub explained that his girlfriend had cleaned out the car, and he could

3

not produce the registration.

Officer Webb decided to place Haub under arrest. During his transport to the Washington County Jail, Haub volunteered that he could provide information about stolen keys and cars. Haub claimed that his brother had told him that he had a job moving cars and needed Haub's help.

The State charged Haub with Burglary, Theft, Receiving Stolen Auto Parts, Driving While Suspended, and Criminal Mischief.[7] The State also alleged that Haub is a habitual offender. On March 14, 2012, Haub was tried in a bench trial, acquitted of Criminal Mischief, and convicted of the remaining charges. He stipulated that he had two prior unrelated felony convictions, and was adjudicated a habitual offender. Haub received concurrent sentences of eight years for each of his Class C felony convictions, three years for his Class D felony conviction, and one year for his misdemeanor conviction. The trial court stated that a twelve-year habitual offender enhancement was to be served as a "consecutive sentence."[8] (Tr. 314.) Accordingly, the aggregate sentence imposed upon Haub was twenty years.[9] Haub now appeals.

**Discussion and Decision**

<u>Continuance</u>

---

[7] I.C. § 35-43-1-2(a).

[8] The habitual offender enhancement should be imposed as an enhancement to a particular count, and not as a free-standing consecutive sentence. <u>See</u> <u>Howard v. State</u>, 873 N.E.2d 685, 691 (Ind. Ct. App. 2007). We remand to the trial court for correction of the sentencing order.

[9] He was simultaneously sentenced to serve four years imprisonment as a result of his violation of probation in another case.

4

Count VI, filed on December 30, 2008, charged the offense of Receiving Stolen Property and alleged in relevant part:

> John T. Haub did then and there knowingly or intentionally receive, retain or dispose of the property, to wit: 05 Subaru Legacy, of another person, to wit: Mark Lee, that has been the subject of theft.

(App. 22.) On the day of trial, the State proposed to change the language from "05 Subaru Legacy" to "any part of a motor vehicle." (App. 56.) The State added the allegation that Haub had a prior conviction for auto theft or receiving stolen auto parts. Over Haub's objection that he would suffer prejudice, the trial court ultimately allowed the amended count, after changing the language to allege the receipt, retention, or disposition of a "2005 Subaru." (App. 56.) Haub now contends that he was entitled to a continuance to prepare to defend against the amended charge.

Amendments to a charging information are governed by Indiana Code section 35-34-1-5, which provides that an amendment may be made at any time prior to trial as long as such amendment does not prejudice the substantial rights of the defendant. If a court overrules a defendant's objection to a late amendment, he must request a continuance in order to preserve for appeal any argument that he was prejudiced by the late amendment. Suding v. State, 945 N.E.2d 731, 735 (Ind. Ct. App. 2011), (citing Haymaker v. State, 667 N.E.2d 1113, 1114 (Ind. 1996)), trans. denied. Because Haub did not request a continuance after the trial court overruled his objection to the State's motion for amendment, his allegation of error is waived.

Waiver notwithstanding, Haub did not show that his substantial rights were affected.

5

Ultimately, a question of prejudice to substantial rights involves "whether the defendant had a reasonable opportunity to prepare for and defend against the charges." Sides v. State, 693 N.E.2d 1310, 1313 (Ind. 1998), abrogated on other grounds by Fajardo v. State, 859 N.E.2d 1201, 1206 (Ind. 2007). The substantial rights of a defendant are not violated if the amendment does not affect a particular defense or change the positions of the parties. Suding, 945 N.E.2d at 736.

Here, the State first alleged that Haub received a 2005 Subaru Legacy and ultimately alleged that he received a 2005 Subaru. The amendment changed a descriptive phrase from specific to more generic language. It added an allegation that Haub had a prior similar conviction, something to which Haub stipulated at trial. Haub declined the opportunity given by the trial court to explain in particular how his defense was hampered,[10] and he does not explain on appeal. He has not shown that he was deprived of a reasonable opportunity to prepare for and defend the charge against him.

Sufficiency of the Evidence of Burglary

To convict Haub of Burglary, as charged, the State was required to establish beyond a reasonable doubt that he broke and entered the building or structure of Mark Lee, with the intent to commit a felony therein, specifically theft of car keys to four vehicles. I.C. § 35-43-2-1; App. 16.

---

[10] Haub insisted that he would suffer prejudice but was unable to explain how. When Haub was given an opportunity for a continuance, defense counsel rejected that option. Ultimately, defense counsel appeared to acquiesce to the amended charge. The trial court advised: "if in fact you need a continuance you would need to say so now. But otherwise it's my intent then to approve the amendment which was filed today and altered." (Tr. 12.) Defense counsel responded: "That's fine Judge." (Tr. 12.)

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

Haub does not deny that he was inside the dealership building or that Mark Lee's property was taken from the premises. Rather, Haub argues that the evidence is insufficient to support his conviction because "there was no evidence, other than testimony from Defendant himself that he entered the building at the car lot." (Appellant's Br. at 5.) He then points to his testimony that he believed his brother had the right to enter the premises and that his brother had given him permission to use the dealership restroom. The crux of Haub's argument appears to be that if the trial court believed his testimony of being on the premises, it was also required to credit the testimony of his innocent intent. Nonetheless, "the trier of fact is free to believe one part of a witness' testimony and disbelieve another part." Foulks v. State, 582 N.E.2d 374, 377 (Ind. 1991).

Moreover, Haub's testimony of his innocent purpose was not the sole evidence from which the fact-finder could determine intent. Intent is a mental function. Spann v. State, 632 N.E.2d 741, 743 (Ind. Ct. App. 1994). Absent an admission, the trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences thereof, a

7

showing or inference of intent to commit that conduct exists. Isom v. State, 589 N.E.2d 245, 247 (Ind. Ct. App. 1992), trans. denied.

Here, the State presented evidence that Lee left his building locked up and did not give permission for someone to enter it during non-business hours. Nonetheless, Haub went on the premises late at night. A window was the apparent point of entry; a screwdriver not belonging to Lee had been left underneath the window. Lockboxes had been pried open; several items of property, including temporary license plates, were missing from the premises. These were found in the possession of Haub and his brother. The currency in the possession of the brothers matched the description given by Lee.[11] When Haub was confronted driving a white Subaru, he first claimed that he was unable to produce registration only because his girlfriend had recently cleaned out the car. He then spontaneously offered to give a statement about missing keys and cars. From this evidence, the fact-finder could reasonably conclude that Haub broke and entered the dealership with the intent to commit the felony of theft therein. There is sufficient evidence to sustain his conviction for Burglary.

However, we observe that Haub was charged with and convicted of both the burglary of the dealership building and burglarizing the dealership building by aiding Bradley Haub. Article I, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Richardson v. State, 717 N.E.2d 32 (Ind. 1999), explained that two offenses are the same offense if the statutory elements of the crimes are the same or the actual evidence used to convict is the same. The actual evidence test

---

[11] Lee testified that he had, for sentimental reasons, kept his mother's purse and currency for several years after her death. As such, the bills – a $100 bill and several $20 bills – had been issued in the early 1990's.

addresses evidence presented at trial to determine whether separate and distinct facts were presented as to each offense. Goldsberry v. State, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005). Our review of the evidence in this case indicates that the fact-finder heard testimony regarding a single act of breaking and entering with intent to commit a felony therein. Accordingly, one of Haub's burglary convictions must be vacated.

Sentence

Upon conviction of each Class C felony, Haub faced a sentencing range of two years to eight years, with the advisory sentence being four years. See I.C. § 35-50-2-6. Upon conviction of a Class D felony, he faced a sentencing range of six months to three years, with the advisory sentence being one and one-half years. See I.C. § 35-50-2-7. Upon conviction of a Class A misdemeanor, he faced a sentence of up to one year. See I.C. § 35-50-3-2. Upon his adjudication as a habitual offender, he faced a sentencing enhancement of between four years and twelve years.[12] Haub received an aggregate sentence of twenty years. He presents two sentencing challenges, first arguing that the trial court abused its discretion by ignoring mitigating circumstances, and second arguing that his sentence is inappropriate.

Mitigating Circumstances.

Haub argues that the trial court, which found no mitigating circumstances, "failed to account for a number of [his] mitigating circumstances." (Appellant's Br. at 7.) Specifically,

---

[12] Indiana Code Section 35-50-2-8(h) provides that the court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three times the advisory sentence.

he contends that his remorse, his age (thirty-two), and his family support should have been considered to be mitigators.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491.

The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007).

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. Anglemyer II, 875 N.E.2d at 220-21. Here, the claimed mitigators were not advanced by Haub at sentencing. He has demonstrated no abuse of the trial court's sentencing discretion.

10

Appropriateness of Sentence.

Under Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade this court that his sentence "has met th[e] inappropriateness standard of review." Anglemyer, 868 N.E.2d at 494 (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

The Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." Id. at 1224. Indiana's flexible sentencing scheme allows trial courts to tailor a sentence appropriate to the circumstances presented. See id. Appellate review should focus on the aggregate sentence; a principal purpose is to attempt to "leaven the outliers." Id. at 1225. "Whether we regard a sentence as

11

appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

As for the nature of the offenses, Haub broke and entered business premises late at night. He stole vehicles, temporary license plates, money that had belonged to the owner's mother before her death, and items related to a charitable organization's fundraising efforts. Accordingly, there were multiple victims of his offenses.

As to the character of the offender, Haub has a lengthy history of juvenile and criminal offenses. He has previously violated probation and was on probation at the time he committed the present offenses. He has been arrested at least seven times for auto theft.[13] He was previously adjudicated a habitual offender. After incarceration in this case, he obtained permission to leave the Washington County Jail for surgery. However, he failed to report back as agreed. In short, he has failed to benefit from extensive prior rehabilitative efforts.

In sum, there is nothing in the nature of the offenses or the character of the offender to persuade us that his sentence is inappropriate.

## Conclusion

Haub has not demonstrated his entitlement to a continuance. Sufficient evidence supports his Burglary conviction; however, he cannot twice be convicted for the same burglary. The trial court did not abuse its sentencing discretion and Haub's sentence is not

---

[13] Although an arrest record, standing alone, does not establish the historical fact that a defendant committed a criminal offense, such information may be relevant to an assessment of the defendant's character in terms of the risk that he will commit another crime. See Cotto v. State, 829 N.E.2d 520, 526 (Ind. 2005).

inappropriate.  However, we remand to the trial court with instructions to vacate the second burglary conviction and to correct the sentencing order to provide that the habitual offender enhancement enhances a particular offense.

Affirmed in part, reversed in part, and remanded with instructions.

VAIDIK, J., and BROWN, J., concur.