**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case**.



FILED

Jan 09 2012, 8:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes Kolbus & Rife, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAVON L. BONNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1107-CR-330 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1007-FA-19

**January 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Javon Bonner appeals his conviction for Class A felony dealing in cocaine as well as his fifty-year sentence for that offense and his convictions for Class C felony operating a vehicle with a lifetime suspension and Class A misdemeanor resisting law enforcement. We affirm.

**Issues**

The issues before us are:

    I.      whether there is sufficient evidence to support Bonner's conviction for Class A felony dealing in cocaine; and

    II.    whether his fifty-year sentence is inappropriate.

**Facts**

On July 21, 2010, Officer Andrew Whitmyer of the Elkhart Police Department was on patrol when he observed a vehicle make a turn at an intersection without having signaled sufficiently in advance of the turn. Officer Whitmyer activated his lights and attempted to pull the vehicle over for this traffic infraction, but the driver—Bonner—did not immediately stop. Instead, Bonner pulled into a driveway, got out of the car, and began running. Officer Whitmyer eventually chased Bonner down on foot and arrested him. Bonner had been the sole occupant of the car. Additionally, Bonner's driver's license had previously been suspended for life.

Bonner had a strong odor of burnt marijuana emanating from him when he was arrested. After other officers detained Bonner, Officer Whitmyer walked back along the

2

path he had chased Bonner, looking to see if Bonner had dropped anything along the way, but found nothing. Officer Whitmyer also noticed that the car Bonner had been driving was emitting a strong marijuana odor, and he proceeded to search the car. In a console of the car Officer Whitmyer found a plastic bag containing several smaller individual plastic bags, each containing a white rock-like substance. The substance was later tested and confirmed to be crack cocaine, with the total weight being 28.85 grams. Police recovered no cash, scales, or other items commonly associated with drug dealing from the car, nor did they find any paraphernalia for using crack in the car or on Bonner's person. Police did not search Bonner's residence.

The State charged Bonner with Class A felony dealing in cocaine, Class C felony operating a vehicle with a lifetime suspension, and Class A misdemeanor resisting law enforcement. After a jury trial held Bonner was found guilty as charged. The trial court sentenced Bonner to forty-five years for the cocaine conviction and five years for the driving conviction, to be served consecutively for a total sentence of fifty years. It also sentenced Bonner to one year for the resisting conviction to be served concurrently with the other sentences. Bonner now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

Bonner first challenges the sufficiency of the evidence supporting his conviction for Class A felony dealing in cocaine. When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the

3

witnesses, and respect the fact-finder's exclusive province to weigh conflicting evidence. Jackson v. State, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences therefrom that support the conviction. Id. We will affirm if the probative evidence and reasonable inferences from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

To convict Bonner of Class A felony dealing in cocaine as alleged in the charging information, the State was required to prove that he possessed three or more grams of cocaine with the intent to deliver it. See Ind. Code § 35-48-4-1(a)(2)(C), (b)(1). Bonner challenges only the sufficiency of the evidence that he intended to deliver the crack cocaine found in his car. He does not contest the weight of the cocaine or argue that he did not possess it, but rather essentially claims that it was intended for his own personal use and not for dealing to others.

The intent to deliver cocaine in one's possession may be proven by either direct or circumstantial evidence. Davis v. State, 863 N.E.2d 1218, 1220 (Ind. Ct. App. 2007), trans. denied. Intent concerns a person's state of mind, and a fact finder may infer whether intent exists from the surrounding circumstances. Id. Of specific relevance to this case, "[p]ossession of a large amount of an illegal drug is circumstantial evidence of intent to deliver." Valle v. State, 550 N.E.2d 746, 748 (Ind. 1990). It also is relevant if a person found in possession of a significant quantity of drugs is not also found in

possession of the means to ingest the drug.  See Love v. State, 741 N.E.2d 789, 792 (Ind. Ct. App. 2001).

Here, the jury heard detailed testimony from a police detective, Jeff Eaton, with extensive experience in illegal drug investigations.  Detective Eaton testified that the amount of cocaine found in Bonner's possession, which approximately was one ounce, would cost approximately $800 to $1500 on the street and was consistent with what a "middleman" drug dealer would be expected to possess, and not what a personal user ordinarily would possess.  Tr. p. 141.  Detective Eaton also explained that individual "eight balls" of crack cocaine commonly were delivered by dealers in the cut-off corners of plastic sandwich bags, similar to how the crack was found packaged in Bonner's car. Id. at 139.  Detective Eaton also testified that if a person in possession of crack cocaine is not found to be in possession of paraphernalia to use the drug, then it points toward the person intending to deal the drug rather than use it.  Finally, Detective Eaton explained that a regular user of crack cocaine would be unlikely to possess an ounce of the drug, because such users tend to buy small amounts of the drug—a couple of grams at a time at the most—and immediately use it.

Despite Detective Eaton's testimony, Bonner asserts that it is inappropriate to affirm his conviction solely on the basis of the amount of cocaine he possessed and in the absence of any evidence that he possessed other common indicia of drug dealing, such as a large quantity of cash, scales, and the like.  He notes that in Love, which the State cites, we affirmed a conviction for possession of cocaine with intent to deliver upon evidence

5

that the defendant possessed 11.3 grams of the drug but no means to ingest it, plus $331 in cash. Love, 741 N.E.2d at 792.

However, this court has in fact upheld convictions for drug dealing based upon evidence virtually identical to, or even less than, the evidence in this case. In Davis v. State, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003), trans. denied, we affirmed a conviction for dealing in crack cocaine where the defendant possessed 5.6225 grams of the drug, there was police officer testimony explaining that such a quantity was inconsistent with personal usage, and the crack had been individually packaged in a manner consistent with drug dealing. Bonner possessed approximately five times the amount of crack cocaine as the defendant in Davis, there was similar police officer testimony explaining that possession of that amount of the drug was inconsistent with personal use, the crack rocks likewise were individually packaged in a manner indicative of drug dealing, and there was no drug use paraphernalia found in Bonner's car, on his person, or along the route from which he had run from Officer Whitmyer. Based upon this evidence, the jury was entitled to conclude that Bonner possessed the 28.85 grams of cocaine with intent to deliver it, and there is sufficient evidence to support his conviction for Class A felony dealing in cocaine. See also Hirshey v. State, 852 N.E.2d 1008, 1015-16 (Ind. Ct. App. 2006) (affirming conviction for possession of methamphetaime with intent to deliver solely upon evidence that defendant possessed 9.56 grams of the drug, which was broken down into individual packages and was an amount inconsistent with personal usage), trans. denied.

6

## II. Sentence

Bonner also contends that his aggregate fifty-year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offenses. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224.

Bonner argues that there is nothing particularly egregious about his offenses. Indeed, there was no violence associated with his crimes or any harm indicated beyond that normally associated with these type of offenses. We agree that there is nothing

7

remarkable about his crimes. However, "revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of both the nature of his offenses and his character." Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). And, when it comes to Bonner's character, we can find nothing positive to say about it or find anything that would warrant us in concluding that his fifty-year sentence is inappropriate.

Bonner has amassed a disturbingly lengthy and detailed criminal history. He was first adjudicated a delinquent child in 1995, when he was twelve years old, for what would have been Class C felony attempted robbery if committed by an adult. He has eight additional delinquency adjudications on his record for theft, battery, fleeing a police officer, possession of marijuana, operating while intoxicated, resisting law enforcement, driving without a license, and illegal consumption of alcohol.[1] Bonner's adult criminal history includes five felony convictions and at least ten misdemeanor convictions. That history began in 1998 and includes felony convictions for possession of cocaine, resisting law enforcement, escape, and driving as an habitual traffic offender twice. He has misdemeanor convictions for resisting law enforcement, three times for possession of marijuana, and at least six times for driving while suspended or without having a license. As an adult, Bonner was often treated with leniency after his convictions and was given numerous opportunities to be placed on probation or in various community corrections, home detention, or work release programs. However, he violated the conditions of these

---

[1] This does not include delinquency adjudications Bonner amassed for status offenses such as truancy and curfew violations.

8

alternative placements repeatedly—at least ten times, by our count. In fact, he was on probation when he committed the present offenses. Bonner also had a pending charge of Class D felony escape when he was sentenced in this case.

Bonner attempts to minimize the extent of his criminal history by claiming that most of his delinquency adjudications or convictions were for "minor" offenses, including traffic offenses. Reply Br. p. 5. We acknowledge that the weight given to a defendant's criminal history "is measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability." Bryant v. State, 841 N.E.2d 1154, 1156 (Ind. 2006). Here, Bonner's criminal record reflects that he has been breaking the law on a virtually continuous basis since 1995, when he was twelve. As the trial court noted, aside from Bonner's documented delinquency adjudications and convictions, he also has admitted to using marijuana since the age of fifteen and cocaine since the age of seventeen. The sheer number of Bonner's adjudications, convictions, violations of alternative placements, and repeated usage of illegal drugs demonstrates a complete and utter lack of respect for the law. He has been given numerous opportunities to become a law-abiding citizen but has failed to do so. Moreover, even Bonner's allegedly "minor" convictions and adjudications for possession of marijuana or for driving offenses are directly relevant to his present substance abuse and driving-related convictions.

9

Bonner notes that the trial court found his age to be a mitigating circumstance. Regardless, we cannot say that his age—twenty-eight at the time of these offenses—is due any consideration in our Rule 7(B) analysis. Simply put, twenty-eight is not an "impressionable" age, such that it should be considered a reason for lessening Bonner's sentence. This is especially true, in that given Bonner's continuous involvement in the criminal justice system for fifteen years, he cannot in any way be described as naïve.

Bonner also contends that some consideration should be given to his admission that he has a substance abuse problem. We disagree. That Bonner has a substance abuse problem stretching back at least a decade is evident from the presentence report. Nonetheless, it does not appear Bonner has taken any steps to undergo treatment for his addiction or addictions. It is appropriate to reject a claim of substance abuse as a mitigating sentencing consideration when there is evidence the defendant was aware of a substance abuse problem but did not take positive steps to treat the addiction. Bryant v. State, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004), trans. denied.

Finally, we note Bonner's argument that he allegedly offered to help police investigate a hit-and-run crime as evidence of positive character. It appears, however, that Bonner only offered this assistance after being arrested for this crime and being charged with a Class A felony, and not before. In that light, the offer of assistance—which in any event the police did not need—carries very little weight, in that it could be construed as an attempt to curry favor with the police and prosecutor and not purely altruistic.

10

Here, the trial court evidently believed that Bonner had exhausted his chances at reform. We cannot say it was improper to reach such a conclusion, nor can we say that it is inappropriate in light of Bonner's character to require him to serve a fifty-year prison sentence for his current offenses.

**Conclusion**

There is sufficient evidence to support Bonner's conviction for Class A felony dealing in cocaine and his fifty-year sentence is not inappropriate. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.